**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

WRIGHT CONSTRUCTION GROUP, LLC, a Texas Limited Liability Company,

Plaintiff,

v. Case No. 8:26-cv-1007-TPB-TGW

CERES ENVIRONMENTAL, INC., a Florida Corporation d/b/a CERES ENVIRONMENTAL OPERATIONS,

Defendant.
_______________________________________/

**ORDER DENYING "DEFENDANT'S MOTION TO DISMISS THE COMPLAINT"**

This matter is before the Court on "Defendant's Motion to Dismiss the Complaint and Memorandum of Law in Support," filed on April 30, 2026. (Doc. 11). On May 4, 2026, Plaintiff Wright Construction Group, LLC filed a response in opposition to the motion. (Doc. 12). After reviewing the motion, response, court file, and the record, the Court finds as follows:

## Background[1]

This case arises from a dispute concerning water-based and land-based debris removal in Augusta, Georgia. Defendant Ceres Environmental, Inc. d/b/a Ceres Environmental Operations is a Florida corporation that was hired as a contractor for a

[1] The Court accepts as true the facts alleged in Plaintiff's complaint for purposes of ruling on the pending motion to dismiss. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint."). The Court is not required to accept as true any legal conclusions couched as factual allegations. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986).

water-based and land-based debris removal project (described as disaster recovery). Defendant elected to outsource part of its responsibilities for the project by executing a subcontract with Plaintiff Wright Construction Group, LLC.

Plaintiff alleges that it properly performed the agreed-upon work under the supervision of Defendant to the specifications required by the subcontract, and that Defendant acknowledged the work was properly performed. According to Plaintiff, Defendant then directed Plaintiff to perform additional work through change orders, which were permitted by the subcontract. However, Plaintiff contends that Defendant has refused to pay invoices related to the change orders in the amount of $1,501,783.80.

On April 8, 2026, Plaintiff filed a one-count complaint for breach of contract. Defendant has moved to dismiss the complaint.

## **Legal Standard**

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a). While Rule 8(a) does not demand "detailed factual allegations," it does require "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In order to survive a motion to dismiss, factual allegations must be sufficient "to state a claim to relief that is plausible on its face." *Id.* at 570.

When deciding a Rule 12(b)(6) motion, review is generally limited to the four corners of the complaint. *Rickman v. Precisionaire, Inc.*, 902 F. Supp. 232, 233 (M.D. Fla. 1995). Furthermore, when reviewing a complaint for facial sufficiency, a court

"must accept [a] [p]laintiff's well pleaded facts as true, and construe the [c]omplaint in the light most favorable to the [p]laintiff." *Id.* (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). "[A] motion to dismiss should concern only the complaint's legal sufficiency, and is not a procedure for resolving factual questions or addressing the merits of the case." *Am. Int'l Specialty Lines Ins. Co. v. Mosaic Fertilizer, LLC*, 8:09-cv-1264-T-26TGW, 2009 WL 10671157, at *2 (M.D. Fla. Oct. 9, 2009) (Lazzara, J.).

## **Analysis**

Defendant seeks dismissal of Plaintiff's breach of contract claim, arguing that the complaint fails as a matter of law because it does not and cannot allege compliance with the subcontract's mandatory prerequisites to payment.

Courts in the Eleventh Circuit have made clear that affirmative defenses, such as the failure to satisfy conditions precedent or contractual requirements, generally will not support a motion to dismiss under Rule 12(b)(6) unless the defense "clearly appears on the face of the complaint." *See Quiller v. Barclays Am./Credit, Inc.*, 727 F.2d 1067, 1069 (11th Cir. 1984), *aff'd en banc*, 764 F.2d 1400 (11th Cir. 1985); *see also Killian Constr. Co. v. Pier Park Resort Hotel LLC*, No. 5:23cv127-MW/MJF, 2023 WL 6536243, at *4 (N.D. Fla. Aug. 25, 2023) (denying motion to dismiss because affirmative defense did not clearly appear on the face of the complaint).

Plaintiff explicitly alleges that it has complied with the terms and conditions of the agreement. (Doc. 1 at ¶ 18). Plaintiff has also alleged that the change orders were "authorized, approved, and completed." (Doc. 1 at ¶ 19). These allegations are sufficient at the pleading stage to state a breach of contract claim related to the unpaid invoices.

The issues and arguments raised by Defendant – such as whether the signatory had actual or apparent authority, whether the change orders were ratified, and whether the sign-off sheets actually constituted change orders under the contract – may ultimately prove meritorious. But such issues are not appropriate for resolution at the motion to dismiss stage of the proceedings. These arguments are premature and are better made on a more developed factual record through the summary judgment process. Defendant's motion to dismiss is therefore denied.[2]

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

1) "Defendant's Motion to Dismiss the Complaint and Memorandum of Law in Support" (Doc. 11) is hereby **DENIED**.

2) Defendant is directed to file an answer on or before August 7, 2026.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 24th day of July, 2026.

TOM BARBER
UNITED STATES DISTRICT JUDGE

[2] If Defendant is convinced that the arguments it has made here are strong enough to merit summary judgment, the Court would be open to perhaps allowing a very early summary judgment motion on the contractual interpretation issues only. If summary judgment were to be denied on the contractual interpretation issues, a second summary judgment motion would be permitted on other issues, such as damages. Defendant is encouraged to not waste time with an unnecessary early summary judgment motion if material issues of fact exist in connection with the contractual interpretation issues. If Defendant is interested in pursuing this approach, it should be brought up for discussion at the next case management hearing.